FILED

2025 Feb-24  AM 10:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

**TACARIUS WILLS,**
  Plaintiff,

**v.**                                    **Case No. 1:24-cv-190-CLM**

**WEAVER POLICE**
**DEPARTMENT *et al.*,**
  Defendants.

## MEMORANDUM OPINION AND ORDER

Tarcarius Wills sues multiple police agencies, police officers, and the Calhoun County District Court. (Doc. 24). In response, all Defendants but the District Court ask this court to dismiss. (Doc. 25–26, 37–38). For the reasons explained below, the court **GRANTS** all four motions. The court **DISMISSES WITHOUT LEAVE TO AMEND**,

- All claims against the Weaver Police Department, the Moody Police Department, and the Calhoun County Sherriff's Office, and
- All §1983 claims against Sheriff Wade in his official capacity.

But the court **DISMISSES WITHOUT PREJUDICE** the claims below and gives Wills one chance to replead:

- All §1983 claims against Officer Quinn and Sheriff Wade in their individual capacities,
- All §1983 claims against Officer Quinn and Officer Benninger in their official capacities, and
- All state-law claims against Officer Quinn, Sheriff Wade, and Officer Benninger.

## BACKGROUND

The court takes these facts from Wills' Second Amended Complaint and assumes they are true:

Over the last few years, Wills has been pulled over multiple times along Alabama Highway 21. According to Wills, the Anniston Police Department (who is not a party), the Calhoun County Sherriff's Office, and the Weaver Police Department conspired to stop Wills for false traffic violations. Wills also claims to be the target of fabricated tickets, false arrests, and unlawful seizures.

To combat this perceived illegal treatment, Wills began recording videos of his traffic stops and posting them on YouTube, Facebook, and TikTok. Wills alleges his videos incited officer retaliation. For instance, Wills claims Officer Nicholas Quinn "conducted his dirt as a Sargent through Heather Bowden, he never used a radar or knows the speed of my vehicle yet places MISDEMEANOR 'reasonable and prudent' speeding tickets on me. This is condoned through judge Beth Rodgers." (Doc. 24, p. 6). According to Wills, officers repeatedly rode past his house, sent him threatening messages, and called his employers, leading to Wills losing multiple jobs.

Wills claims he is a victim of falsified court documents, tickets, charges, and a conspiracy for entrapment and malicious prosecution spanning three police entities and the Calhoun County District Court. Wills now sues various actors, including

- The Weaver Police Department,
- Officer Nicholas Quinn,
- The Calhoun County Sherriff's Office,
- The Calhoun County District Court,
- Sheriff Mathew Wade,
- The Moody Police Department, and
- Officer Chris Benninger.

Wills asserts he sustained psychological and financial damages. For instance, Wills alleges he could not keep a job because of "CONSTANT POINTLESS COURT DATES [and] arrests that were false," resulting in the forced sale of his home. (*Id.*, p. 13). Wills also suffered financial damages when the Calhoun County Sheriff's Office and the Weaver Police Department seized his "RIGHTFULLY, legally, and registered firearms." (*Id.*). Wills now asks the court for $5,000,000.00 in compensatory damages, to "remove" every false conviction and citation, and to order all Defendant-officers be "DECERTIFIED AND CHARGED WITH EXECESSIVE FORCE, PERJURY, and multiple Brady offenses." (*Id.*).

The Weaver Police Department, Officer Quinn, the Moody Police Department, Officer Benninger, Sherriff Wade, and the Calhoun County Sheriff's Office ("Defendants") now ask the court to dismiss Wills' complaint in full. (Doc. 25–26, 37–38).

## STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

## ANALYSIS

The court has two independent bases for dismissing Wills' complaint: (1) Wills' complaint is an impermissible shotgun pleading, and (2) Wills fails to state a viable claim against any Defendant. The court will address each basis for dismissal in turn.

## I.    Shotgun Pleading

In their motions to dismiss, Defendants ask the court to dismiss Wills' complaint as an impermissible shotgun pleading. The Eleventh Circuit has identified four categories of shotgun pleadings:

> (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint";
>
> (2) "a complaint that … [is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action";
>
> (3) a complaint that fails to "separate[e] into a different count each cause of action or claim for relief"; and
>
> (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A dismissal under Rules 8(a)(2) and 10(b) is appropriate where "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (citing *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added)).

Defendants argue that Wills' complaint falls into all four categories of shotgun pleading. (Doc. 25, p. 2–7); (doc. 26, p. 4–6); (doc. 37, p. 4); (doc. 39, p. 4–7). The court agrees that Wills' complaint falls into categories (2)–(4) at least.

1. *Conclusory, Vague, and Immaterial Facts*: Wills' complaint is filled with conclusory, vague, and immaterial facts. Wills' complaint is "so disorganized and ambiguous that it is almost impossible to discern precisely what it is that [he is] claiming." *Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997). Throughout Wills' complaint, he uses terms like "42 U.S.C. § 1983," "malicious prosecution," and "entrapment." *See generally* (doc. 24). But Wills never lists the elements of any cause of action or ***specific*** acts of a ***specific*** Defendant and how that creates a ***specific*** claim. *See Anderson v. District Bd. of Trustees of Cent. Florida Community College,* 77 F.3d 364, 366 (11th Cir. 1996). Wills repeatedly alleges his citations, stops, arrests, and charges are false but fails to explain what makes them false or unlawful. Defendants cannot read Wills' complaint and walk away with an understanding sufficient to defend themselves in this lawsuit.

2. *Different Counts for Each Cause of Action*: Wills also fails to separate "into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23. Wills includes all facts and causes of action (i.e., terms that *could be* causes of action if sufficiently pleaded) in one section. The only claim that is set apart is Wills' §1983 claim. (Doc. 24, p. 5–6). But it's under a section titled "Basis for Jurisdiction," and doesn't contain sufficient facts to plausibly state a cause of action under § 1983. (*Id.*). Wills generally fails to separate his claims in any way. "[I]n striking a complaint on shotgun pleading grounds and affording the plaintiff with another opportunity to file a complaint that passes muster, the District Court should point out the defects in the complaint." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). In Wills' Third Amended Complaint, he should list each cause of action separately (i.e., Count One: Deprivation of Rights under 42 U.S.C. § 1983; Count Two: Entrapment, and so on). Wills should then list each fact that supports each cause of action. To survive Rules 8 and 10, Wills must plead each claim so that it's plainly identifiable.

3. *Multiple Defendants*: Finally, Wills never assigns claims to each Defendant. Throughout Wills' complaint, he periodically uses a Defendant's name in connection to (what he perceives) as wrongful conduct. But Wills never explains which Defendant he's alleging is responsible for each claim. Wills must plead with enough specificity to put Defendants on notice of the exact charges against them.

Wills' complaint exemplifies a shotgun pleading. So the court **GRANTS** Defendants' motions on all claims under Rules 8 and 10. Because this is Wills' first chance at pleading, the court **DISMISSES WITHOUT PREJUDICE** (subject to the analysis below) and gives Wills leave to file an amended complaint that corrects these deficiencies.

## II.    Capacity, Immunity, and Plausibility

While a shotgun pleading alone warrants dismissal, the court also considers Defendants' arguments for dismissal based on capacity, immunity, and plausibility. The court first evaluates police departments' capacity to face suit. The court then evaluates the immunity afforded to police officers and the plausibility of Wills' claims against the individual Defendants.

### A.    Police Department

Wills sues the Weaver Police Department, the Moody Police Department, and the Calhoun County Sheriff's Office. All three entities ask the court to dismiss Wills' complaint because police departments don't have the capacity to be sued. (Doc. 25, p. 1–2); (doc. 37, p. 4–5); (doc. 39, p. 3–4). Because "Sheriff's departments and police departments are not usually considered legal entities subject to suit," the court agrees with Defendants. *Dean v. Barber*, 51 F.2d 1210, 1214 (11th Cir. 1992). Because there is no viable claim Wills could bring against the Weaver Police Department, the Moody Police Department, or the Calhoun County Sheriff's Office, the court **DISMISSES** these Defendants **WITHOUT LEAVE TO AMEND.**

### B.    Police Officers

Besides suing police entities, Wills also sues individual officers: Officer Nicholas Quinn, Sheriff Mathew Wade, and Officer Chris Benninger. Except for Officer Benninger, Wills does not specify if he is suing the Officers in their individual or official capacities.[1] (Doc. 24, p. 1–5). Wills also never specifies who employed Officer Quinn or Officer Benninger; the court assumes they are municipal, not state, employees.[2] Finally, as explained above, Wills doesn't specify what claims he's bringing against each Officer. But as requested by the Officer-Defendants, the court evaluates the plausibility of Wills' claims against them.

1. *Individual Capacity and §1983*: Sheriff Wade is a state employee. *Association Officers*, Alabama Sheriffs Association (Feb. 19, 2025), https://www.alabamasheriffs.com/association-officers. State officials sued in their individual capacities for violating federal law are generally shielded from liability insofar as their conduct occurred while performing a discretionary function and they didn't violate clearly established law of which a reasonable person would've known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As explained above, Wills' shotgun pleading fails to plausibly allege that Sheriff Wade violated Wills clearly established rights. And, as Sheriff Wade notes, Wills also fails to plausibly allege that Sheriff Wade condoned, allowed, or authorized a subordinate to violate Wills' clearly established rights. *See Ingram v. Kubik*, 30 F.4th 1241, 1254 (11th Cir. 2002) ("Supervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates."); (doc. 38, p. 8–10). So Sheriff Wade is protected by qualified immunity in his individual capacity against Wills' §1983 claim.

The same is true for Officer Quinn. As Officer Quinn makes clear, Wills failed to plausibly state that Officer Quinn violated his

---

[1] Wills only sues Officer Benninger in his official capacity. (Doc. 24, p. 4). The court thus limits its individual capacity analyses to Officer Quinn and Sheriff Wade.

[2] If the court makes a false assumption and either Officer Quinn or Officer Benninger are state employees, they are entitled to the same immunity as Sheriff Wade.

constitutional rights. (Doc. 26, p. 9–22). For instance, Wills' First Amendment retaliation claim fails because he never alleges a causal connection between Officer Quinn and the alleged retaliatory conduct. (*Id.*, p. 14). Wills' Second Amendment claim fails for the same reason: Wills never connects Officer Quinn to the firearm seizure. (*Id.*, p. 16). So Wills' §1983 claim against Officer Quinn in his individual capacity can't survive Rule 12(b)(6). The court thus **DISMISSES** all federal law claims against Sheriff Wade and Officer Quinn in their individual capacities. This dismissal is **WITHOUT PREJUDICE** because Wills could overcome qualified immunity through more specific factual pleading.

2. *Official Capacity and §1983*: As a state employee, the Eleventh Amendment protects Sheriff Wade in his official capacity from §1983 claims for damages. *Pennhurst v. State Sch. & Hosp. Halderman*, 465 U.S. 89, 100–103 (1984); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment doesn't protect Sheriff Wade in his official capacity against claims for prospective relief. *Summit Medical Associates, P.C., v. Pryor*, 180 F.3d 1326, 1336–37 (11th Cir. 1999). But Wills does not appear to be asking the court for prospective relief (i.e., an injunction or declaratory judgment). And to the extent Wills requests the court order the expungement of his criminal record or criminally discipline the individual Defendants, neither is a valid form of prospective relief. (Doc. 24, p. 13); *Alvarez v. Attorney General for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (noting that lower federal courts cannot review state court judgments); *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicial cognizable interest in the prosecution or non-prosecution of another.").

Because of the Eleventh Amendment's protection against Wills' damages request, the court **DISMISSES WITHOUT LEAVE TO AMEND** all §1983 claims against Sheriff Wade in his official capacity. Wills cannot cure these defects with his official capacity § 1983 claims against Wade, so Wills' amended complaint may not bring an official capacity § 1983 claim against Wade.

8

But as municipal employees, Officer Quinn and Officer Benninger are not entitled to Eleventh Amendment immunity. Yet as Officer Benninger points out, and Officer Quinn adopts, Wills' §1983 claims against the Officers in their official capacities still fails. (Doc. 37, p. 5–11); (doc. 26, p. 22). "Official-capacity suits [] generally represent only another way of pleading an action against an entity of which an officer is an agent." *Yeldell v. Cooper Green Hosp. Inc.*, 956 F.2d 1056, 1060 (11th Cir. 1992) (internal citations omitted). And "[i]n an official capacity suit, the entity's policy or custom must have played a part in the violation of federal law." (*Id.*). But Wills never alleges that Officer Quinn's or Officer Benninger's employers had an official policy or custom that itself was the "moving force" behind his alleged constitutional violations. *Kentucky v. Graham*, 473 U.S. 159, 168 (1985).

So the court **DISMISSES WITHOUT PREJUDICE** Wills' §1983 claims against Officers Quinn and Benninger in their official capacities. Wills may replead these claims. Wills should specify in his amended complaint who employed Officers Quinn and Benninger and the existence of a municipal policy or custom causing the alleged constitutional violations.

3. *State-Law Claims*: Wills' complaint suggests he's attempting to bring state law claims in addition to his §1983 claim. *See generally* (doc. 24) (using terms like "defamation of character."). But the complaint's substance focuses on alleged constitutional violations under §1983, and none of the individual Defendants ask the court to dismiss on state law immunity grounds. The court will thus not substantively address Wills' potential state law claims here. If Wills desires to add state law claims to his amended complaint, he must follow the court's instructions regarding shotgun pleadings laid out above (i.e., Wills must list all state law causes of action in separate counts, list each defendant he claims violated state law, list specific facts that show a state law violation, and so on).

If Wills chooses to amend his complaint to add state law claims, he should be aware that various types of immunity may be applicable:

*i. State-Agent Immunity*: State-agent immunity will be relevant if Wills attempts to bring state law claims against the Officer-Defendants in their individual capacities. Because Sheriff Wade is employed by Alabama, he has a right to state-agent immunity in his individual capacity for acts taken on behalf of the state while exercising his discretionary judgment. Ala. Code § 36-1-12; *Ex parte Butts*, 775 So.2d 173 (Ala. 2000). Municipal law enforcement officers are also entitled to state-agent immunity for acts taken while performing discretionary functions. *Swan v. City of Hueytown*, 920 So.2d 1075, 1078 (Ala. 2005); Ala. Code § 6-5-338. So the immunity analysis for Sheriff Wade and Officer Quinn (and Officer Benninger) is the same: if state-agent immunity applies, the Officers are immune from any state-law claim in their individual capacities. In *Ex parte Cranman*, the Alabama Supreme Court held that

> "A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . . exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons . . . ."

792 So.2d 392, 405 (Ala. 2000). Based on Wills' complaint as currently pleaded, any possible wrongdoing of Officer Quinn or Sheriff Wade stems from their enforcement of criminal law. *See generally* (doc. 24). Wills' main allegations include false citations and arrest, illegal seizures, and untrue charges. The court already noted that Wills does not sufficiently assign wrong-doing to each Defendant, but even assuming he had, all potential wrong-doing of Officers comes from their utilization of enforcement discretion. Wills' complaint does mention instances of stalking, harassment, and threatening messages—private actions not protected by state-agent immunity. But Wills fails to plead that Officer Quinn or Sheriff Wade participated in any of these events. State-agent immunity is inapplicable if the agent acts maliciously or in bad faith. *Cranman*, 792 So.2d at 405.

Wills should be aware of his current pleading deficiencies, and the law of state-agent immunity, when amending his complaint.

*ii. State Sovereign Immunity*: Wills should also be aware of the sovereign immunity against state law claims applicable to the individual Defendants in their official capacities. Alabama law recognizes an "absolute 'sovereign' immunity [] afforded to certain state constitutional officers, including sheriffs and deputy sheriffs." *Sheth v. Webster*, 145 F.3d 1231, 1236 (11th Cir. 1998); Art. 1, § 14, Ala. Const. of 1901. As a constitutional officer of the state of Alabama, Sheriff Wade is immune from any state-law claim in his official capacity. And as explained above, Ala. Code § 6-5-338(a) treats municipal officers as state officers. *See Ex Parte City of Montgomery*, 272 So.3d 155, 169 (Ala. 2018). So Officers Quinn and Benninger are also entitled to immunity from state claims in their official capacities. *Id.* Because the immunity afforded to the Officers in their official capacities is absolute, Wills could not assert a set of facts to overcome it. The court thus advises Wills to be aware of the doctrine of state sovereign immunity if he chooses to replead his complaint,

## CONCLUSION

In sum, Wills complaint fails under Rules 8 and 10 as an impermissible shotgun pleading. This alone is grounds for dismissal. But Wills' complaint also fails under principles of capacity, immunity, and plausibility. Wills may replead only claims that *could* be viable if plausibly stated. Wills' amended complaint must be filed on or before **March 17, 2025**.

**Done** and **Ordered** on February 24, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE